UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-1542 (RBW) |
| | ) | ECF |
| v. | ) | |
| | ) | |
| NINE THOUSAND SIX HUNDRED FIFTY TWO DOLLARS ($9,652.00) IN UNITED STATES CURRENCY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR ENTRY OF DEFAULT
JUDGMENT AND JUDGMENT OF FORFEITURE**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves pursuant to Fed. R. Civ. P. 55, 18 U.S.C. § 983(a)(4)(A), and Rules C(6) and G(5), Supplemental Rules for Certain Admiralty and Maritime Claims, for entry of Default Judgment and for a Judgment of Forfeiture as to the above-captioned defendant property identified in the Verified Complaint for Forfeiture *In Rem*, on the ground that no timely paper, pleading, or other claim was filed on behalf of the defendant herein and the Default was entered by the Clerk of this Court on January 8, 2007.

A proposed Judgment of Forfeiture is submitted herewith, along with a Memorandum of Points and Authorities.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar #498610


/s/
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar #426301
United States Attorney's Office
555 4th Street, N.W., Room 4824
Washington, D.C. 20530
(202) 307-0258

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion for Entry of Default Judgment and Judgment of Forfeiture, accompanying Memorandum, and Proposed Order of Forfeiture was mailed via U.S. Postal Service, first class postage paid, to counsel for Mr. Walter Riggin, William J. Garber, Esq., 717 D Street, N.W., Suite 400, Washington, D.C. 20004, and to Mr. David Hilbun, president, K&B News Emporium, Inc., 1004 F Street, N.W., Washington, D.C. 20004, and to Mr. Hilburn, at his residence on this  16th  day of January, 2007.

/s/
WILLIAM R. COWDEN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-1542 (RBW) |
| | ) | ECF |
| v. | ) | |
| | ) | |
| **NINE THOUSAND SIX HUNDRED FIFTY TWO DOLLARS ($9,652.00) IN UNITED STATES CURRENCY,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT AND JUDGMENT OF FORFEITURE**

On August 31, 2006, the plaintiff filed a Verified Complaint for Forfeiture *In Rem* against the defendant $9,652.00 in United States currency. Copies of the Complaint and Warrant of Arrest *In Rem* issued by the Clerk of the Court were served upon the defendant on August 31, 2006. (*See* Exhibit I.) Additionally, copies of the Complaint and Warrant of Arrest *In Rem* were served upon all known interested parties, via the United States Postal Service, certified mail, including to: William J. Garber, Esq., counsel for Mr. Walter Riggin, on November 9, 2006 (copies of these papers were also sent to Mr. Walter Riggin at his last known address of record on September 1, 2006); and Mr. David M. Hilbun, president of K&B News Emporium, Inc., at his business address on September 5, 2006; these same papers were sent to Mr. Hilbun's personal residence in Maryland on November 7, 2006. (*See* Exhibits II-a-b-c-d.) Further, a notice of seizure was published in THE WASHINGTON TIMES on September 4, 2006, and in THE DAILY WASHINGTON LAW REPORTER on September 12, 2006, in full compliance with applicable Local Rules and Rules of Procedure. (*See* Exhibits III and IV.)

No response, answer, or defense was interposed in accordance with applicable rules, resulting in the entry of a Default by the Clerk of this Court on January 8, 2007. No other party has filed a claim or pleading challenging the forfeiture of the defendant and the time for filing a claim has expired. *See* 18 U.S.C. § 983(a)(4)(A); Rules C(6) and G(5), Supplemental Rules for Certain Admiralty and Maritime Claims.

The entry of Default and a Judgment by Default against the defendant currency is amply supported in the circumstances of this case. Indeed, the Clerk of the Court "shall enter" the Default where there has been a failure to timely plead or otherwise defend an action within the time fixed by law. Fed. R. Civ. P. Rule 55(a). Moreover, the Civil Asset Forfeiture Reform Act of 2000, codified at 18 U.S.C. § 983(a)(4)(A), mandates the filing of a claim within 30 days of the service of the government's complaint.

Further, whenever a judgment is sought for other than a sum certain (i.e. Judgment of Forfeiture), application for Judgment by Default shall be made to the Court and such Judgment may be entered by the Court so long as the defaulted party is not an infant or otherwise incompetent. Fed. R. Civ. P. Rule 55(b); *DirecTV, Inc. v. Arnold*, 392 F. Supp.2d 415 (N.D.N.Y. 2005). *See also Canady, MD v. Erbe Elektromedizin GMBG*, 307 F. Supp.2d 2 (D.D.C. 2004); *United States v. Gant*, 268 F. Supp.2d 29 (D.D.C. 2003).

Accordingly, upon consideration of the record in this case, including a showing of compliance with applicable rules regarding service of process and notice by publication, and the Default having been entered by the Clerk of the Court, it is respectfully requested that this motion be granted. A proposed Order of Forfeiture is attached.

          Respectfully submitted,

/s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar #498610


/s/
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar #426301
United States Attorney's Office
555 4th Street, N.W., Room 4824
Washington, D.C. 20530
(202) 307-0258